IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                             **Case No. 11-40068-01-RDR**

TERRI L. MORRIS,

        Defendant.

**O R D E R**

This case is before the court upon defendant's motion to extend time for filing motions. The court understands that the motion is unopposed. The current motions deadline is September 29, 2011. This is the first request for an extension of time to file motions.

Defendant is charged in a 3-count indictment alleging embezzlement and making false statements in violation of 18 U.S.C. §§ 641 and 1001(a)(3). There is also a forfeiture count in this case.

Defense counsel asserts that he has recently received discovery and has not had the chance to review the material himself or with his client. He further indicates that his client has health issues which require additional time to address and which extend the amount of time needed to review discovery and to consider any plea proposals with the government.

Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court

may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others:"  1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Most of the factors described above are not relevant to this case.  However, the court is convinced that the denial of the requested extension of time may deprive defendant of the time necessary for her counsel to effectively prepare to file pretrial motions and to adequately evaluate possible plea proposals in this matter, taking into account the exercise of due diligence.  The court believes that the requested continuance is in the interests of the public and the parties because it may save trial time and

money and facilitate a fair, just and efficient resolution of this matter. Defendant is not detained pending trial. However, the court has no grounds to believe that defendant is a threat to the public pending the resolution of this case.

In sum, the court finds that the continuance requested is in the interests of justice which outweigh the interests of the public and the defendant in a speedy trial. Therefore, the continuance granted in this order constitutes excludable time under 18 U.S.C. § 3161(h)(7).

Defendant's motion shall be granted and the court shall extend the deadline for filing pretrial motions to November 14, 2011. Responses to pretrial motions shall be filed by November 21, 2011. A hearing upon pretrial motions shall be scheduled for December 2, 2011 at 11:00 a.m.

**IT IS SO ORDERED.**

Dated this 4th day of October, 2011 at Topeka, Kansas.

        s/Richard D. Rogers
        United States District Judge