IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

        Plaintiff,

vs.                             **Case No. 11-40068-01-RDR**

TERRI L. MORRIS,

        Defendant.

_____

**O R D E R**

    This case is before the court upon defendant's third motion for an extension of time to file pretrial motions. The initial deadline to file pretrial motions was September 29, 2011. Defendant was granted a 45-day extension and then a 30-day extension so that the current deadline for filing motions was December 14, 2011. Defendant requested the first two extensions for the reason that additional time was needed to obtain and consider mental health records. Defendant asks for a third extension on the grounds that her counsel has been ill over the past 30 days and has not been available to consult with defendant or to work on the case. Defense counsel also indicates that additional time is needed for defendant to make a decision as to whether to pursue a defense relating to mental disability. Defendant asks for a continuance of the motions deadline for 30 to 60 days.

    This case charges defendant with embezzlement and making false

statements.  On its face, it does not appear to be a complex case.

The government opposes the requested extension on the grounds that defendant's motion does not provide a detailed justification for a continuance or demonstrate that defendant has knowingly and willingly waived her right to a speedy trial.

The court has no reason to doubt defense counsel's claim of ill health over the last 30 days.  This claim provides grounds to grant defendant a 30-day extension so that with the exercise of due diligence her counsel has the opportunity to work on the case that the court intended to provide with the second extension of time.  The court believes that there is a sufficient showing that the failure to grant an extension would deny defendant and her counsel an adequate opportunity to consider the mental health issues in this case and to make a considered judgment as to how to best proceed.  Defendant is not detained, but the court believes that she is not a threat to the public or to herself.  Therefore, a continuance is in the interests of justice because it will promote effective representation of defendant and a fair and efficient resolution of this matter which should be in parties' and the public's best interest.

The court notes that defendant's motion does not indicate that counsel expects to miss more work time due to ill health.  Therefore, the court assumes that defendant and her counsel can proceed more expeditiously in the coming days.  The court will be

reluctant to grant any more extensions of time in this matter.

In conclusion, the court shall grant defendant an extension of time until January 13, 2012 to file motions in this case. The government shall have time until January 20, 2012 to file a response. A hearing upon any motions shall be conducted on February 1, 2012 at 9:30 a.m. The continuance granted by this order shall be considered excludable time for the purposes of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

**IT IS SO ORDERED.**

Dated this 19th day of December, 2011 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge

3