IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                            **Case No. 11-40068-01-RDR**

TERRI L. MORRIS,

        Defendant.

## MEMORANDUM AND ORDER

This order shall record the court's rulings upon two matters raised during a February 1, 2012 hearing in this case. The first matter considered by the court was the government's request for disclosure of expert testimony. Doc. No. 23.

The government filed this request under FED.R.CRIM.P. 16(b)(1)(C)(ii) in response to defendant's filing of a notice of intent to introduce expert evidence of a mental condition of the defendant which might bear on the issue of guilt. Under Rule 16(b)(1)(C)(ii), the government is entitled to a written summary of defendant's expert testimony which includes: "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."

Defense counsel did not object to making the disclosure requested by the government, but stated that the defense had not yet arranged for an expert witness who would testify in court that plaintiff's mental condition had a material impact upon the issues

relating to guilt or innocence. Defense counsel indicated a willingness to share with the prosecution information that defendant has qualified for social security disability benefits on the basis of a diagnosis of PTSD, anxiety and depression.

If defendant intends to present testimony from an expert at the trial of this case, then defendant should produce the summary of that expert's testimony as required by Rule 16 by February 17, 2012. If a summary is not produced by that date, then the court will be disposed to grant an objection to expert testimony offered by defendant.

The second matter considered by the court was defendant's motion to suppress statements made by defendant during interviews with Postal Service investigators. Doc. No. 15. From the evidence presented to the court, the court concludes that defendant received and acknowledged the following advice prior to making any statements to the investigators:

    1. I have the right to remain silent if my answers may tend to incriminate me.

    2. Anything I say or do may be used as evidence in administrative proceedings, civil proceedings, or any future criminal proceeding involving me.

    3. If I refuse to answer the questions posed to me on the grounds that the answers may tend to incriminate me, I cannot be discharged solely for remaining silent.

    4. However, my silence can be considered in an administrative proceeding for its evidentiary value that is warranted by the facts surrounding my case.

    5. This interview is strictly voluntary and I may

leave at any time.

Defendant argues that the fourth paragraph of the warnings should be considered coercive, since defendant was told that her silence could be considered in an administrative proceeding at which her job would be at stake.

In Garrity v. New Jersey, 385 U.S. 493 (1967), the Court held that police officers were coerced to make statements when under a New Jersey statute they would be fired if they remained silent. The Court concluded:

> [T]he protection of the individual under the Fourteenth Amendment against coerced statements prohibits use in subsequent criminal proceedings of statements obtained under threat of removal from office, and . . . it extends to all, whether they are policemen or other members of our body politic.

385 U.S. at 500.  Defendant argues that the warning defendant received prior to making her statements to postal investigators runs afoul of the holding in Garrity.

"The Government bears the burden of showing by a preponderance of the evidence that a confession is voluntary." U.S. v. Lopez, 437 F.3d 1059, 1063 (10th Cir. 2006).  If a person's will or capacity for self-determination has been overcome by threats or promises, then the Fifth Amendment has been violated and the statements made in response to the threats or promises are inadmissible. Id.  If the court determines that coercive tactics were used by government officials, then the court must consider the personal characteristics of the defendant to determine whether her

3

will was overborne.  Id. at 1064.

"[G]overnment officials may not compel statements through threat of 'economic or other sanctions capable of forcing the self-incrimination which the [Fifth] Amendment forbids.'" U.S. v. Roberts, 660 F.3d 149, 156 (2nd Cir. 2011) (quoting Minnesota v. Murphy, 465 U.S. 420, 434 (1984) (internal quotation marks omitted)).  "This does not mean that the 'mere risk of any adverse economic consequence' rises to the level of coercion; the economic threat must 'reasonably appear[] to have been of sufficiently appreciable size and substance to deprive the accused of his free choice to admit, to deny, or to refuse to answer.'" Id. (quoting U.S. v. Montanye, 500 F.2d 411, 415 (2nd Cir. 1974) (internal quotation marks omitted)).

Here, the only evidence before the court is that defendant signed and initialed an "acknowledgment of rights" form on August 24, 2010 and again on September 1, 2010.  Each form states that defendant was given the advice set forth previously in this order, including the statement acknowledging that the interview was strictly voluntary and the statement that defendant's silence could be "considered in an administrative proceeding for its evidentiary value that is warranted by the facts surrounding" her case.  There is no evidence that she was threatened with the loss of her job if she did not make a statement or that she in fact felt such a threat or any other threat.  Indeed, defendant was advised that she could

not be discharged "solely for remaining silent."  Defendant testified that she did not remember any details regarding her interviews with the investigators from the Postal Service. Defendant further testified that she has significant memory lapses and that she has suffered from PTSD, anxiety and depression for several years.

Defense counsel has stated that his motion presents a legal issue to the court which is whether the fourth statement in the acknowledgment of rights form was coercive in this case.  Whether this is considered a legal or a factual issue, the court concludes that defendant was not coerced into making statements in a manner which violated her Fifth Amendment rights.

Defendant was told that her interviews were voluntary and could be stopped at any time, and that she could not be fired solely for remaining silent.  As other cases have held, the possibility of an adverse job consequence if defendant chose to be silent is not sufficiently coercive to trigger suppression on the basis of a Fifth Amendment violation.  In Roberts, 660 F.3d at 155-57, the court held that there was no unconstitutional economic coercion when an American Airlines employee/witness was told that lack of cooperation in a drug smuggling investigation would be reported to Customs and Border Protection, an agency that controlled whether the witness had access to the area of the airport where he worked.  In U.S. v. Stein, 233 F.3d 6, 15-17 (1st

Cir. 2000) cert. denied, 532 U.S. 943 (2001), the court found that it was not improper in a criminal prosecution of an attorney to admit testimony the attorney gave before the Board of Bar Overseers even though the attorney was told that the Board would be allowed to draw an adverse inference from her silence.  The court distinguished its holding from Garrity on the grounds that the attorney was not told that she would be disbarred or suspended automatically if she chose to be silent.  Id. at 16.  In Palmquist v. United States, 2011 WL 1306828 (D.Me. 2/8/2011) aff'd and adopted, 2011 WL 1219257 (D.Me. 4/1/2011), the court held that a VA employee who received a "Garrity" warning similar to that given to defendant in this case was not coerced into making a statement.  Finally, in Terry v. United States, 499 F.2d 695, 700 (Ct.Cl. 1974) cert. denied, 421 U.S. 912 (1975), the court found that a discharged Post Office employee suing for reinstatement was not coerced into making a statement where there was no specific threat of job loss for failing to speak.

    On the basis of the record before the court as well as the legal authority contained in this order, the court finds that the officers' conduct was not coercive, defendant's statements were voluntary and the motion to suppress should be denied.

    In conclusion, in reaction to the government's request for disclosure of expert testimony (Doc. No. 23), the court shall direct that defendant notify the government of any expert witness

6

and provide a Rule 16 summary of the witness's testimony by February 17, 2012.  Otherwise, the court shall probably grant an objection to expert testimony offered by the defense.  Also, defendant's motion to suppress (Doc. No. 15) shall be denied.

**IT IS SO ORDERED.**

Dated this 3rd day of February, 2012 at Topeka, Kansas.

                                    s/Richard D. Rogers
                                    United States District Judge